JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 9484

RACHEL EINHORN FAMILY TRUST BY ITS
TRUSTEE SHEA UNGAR,

Docket No.:

Plaintiff,

vs.

**COMPLAINT**

AMERICAN NATIONAL LIFE INSURANCE
COMPANY, JAMES SETTLEMENT and
CONOSTOGA SETTLEMENT TRUST by its
Trustee DeLeon and Washburn, P.C.,

Defendants.



Shea Ungar, as the Trustee of the Rachel Einhorn Family Trust (the "Trust"), by his attorneys, Lipsius – BenHaim Law LLP, alleges as follows:

### ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

1. Plaintiff, the Trust, is a trust created under the laws of the State of New York wherein Shea Ungar is the trustee.

2. American National Life Insurance ("Anico") is a Texas life insurance company doing business in New York.

3. James Settlement Services, LLC ("James Settlement") is a Nevada Corporation with its principal place of business in Oregon or California. James Settlement performs life settlement transactions in New York with policies issued upon New York residents.

4. Conestoga Settlement Trust is a trust organized under the laws of the State of Delaware. Its Trustee, DeLeon and Washburn, P.C., is a Texas law firm with a principal place of

business in Austin, Texas. Conestoga performs life settlement transactions in New York with policies issued upon New York residents.

5. In or about 2007, Anico issued insurance policy number U0580129 (the "Anico policy") in the amount of $ 10,000,000 insuring the life of Rachel Einhorn, a resident of Spring Valley, New York to the Trust.

6. In or about June 2010, the Trust entered into negotiations with James Settlement in order to gauge the possibility of selling the policy to James Settlement.

7. James Settlement, through its agent Settlement for Life, LLC, presented to the Trust in New York settlement contracts ("James Contract"), the purpose of which was to transfer the policy to James Settlement.

8. It has been alleged that on or about June 21, 2010, the Trust transferred ownership of the Anico policy to James Settlement.

9. It has been alleged that on or about July 19, 2011, James Settlement transferred ownership of the policy to Conestoga Settlement Trust.

### FIRST CAUSE OF ACTION AS AGAINST ANICO
#### (Breach of Contract)

10. Rachel Einhron passed away of natural causes on August 22, 2011.

11. Anico received all premiums due as of the date of death of Rachel Einhorn.

12. At the time of Rachel Einhorn's death, the Anico policy was in full force and effect.

13. A notice of claim with Anico for the policy benefits was placed by letter dated September 28, 2011.

14. Anico is under contractual obligation to pay the Trust $10 million, plus interest, from the date of Rachel Einhorn's death.

15. Anico breached its contractual duty to the Trust.

16. The Trust is due $10 million, plus interest from Anico.

## SECOND CAUSE OF ACTION AS AGAINST JAMES SETTLEMENT AND CONESTOGA
### (Declaratory Judgment)

17. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16.

18. The transfer of ownership between the Trust and James Settlement violated New York's life settlement statutes, laws and regulations.

19. Under the New York Life Settlement statutes, laws and regulations, the Trust is entitled to rescind the sale of the policy to James Settlement.

20. As a result of the violations of New York's life settlement statutes, the transfer between James Settlement and Conestoga is null and void.

21. As a result of the violations, the Trust is the true owner of the policy.

22. Conestoga and James Settlement have both claimed that ownership to the Anico policy.

23. The Trust is entitled to a declaration that Conestoga and James Settlement are not the owners of the Anico policy and have no claim whatsoever to any benefits paid thereunder.

24. The Trust is prepared to return and hereby makes constructive tender of the funds it received from James Settlement for the illegal life settlement of the Anico policy.

**WHEREFORE,** Shea Ungar, as the Trustee of the Rachel Einhorn Family Trust, respectfully requests that the Court; (1) issue a declaration that the plaintiff is the sole owner and

3

beneficiary of the Anico policy; (2) enter judgment against American National Insurance Company in the amount of $10,000,000 plus interest and costs; (2) and attorneys' fees and such other relief as this Court may deem just and proper.

Dated: New York, New York
       December 23, 2011

                            LIPSIUS – BENHAIM LAW LLP
                            Attorneys for Plaintiff

By: _____
     Ira. S. Lipsius
     David BenHaim
     80-02 Kew Gardens Rd., Suite 1030
     Kew Gardens, New York 11415
     (212) 981-8440
     File No.: 5022.0001